**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| SHANTEL SHEREE ISTRE, JANE ARMSTEAD, ANNIE MAE LEWIS, LATONIA ALFRED and VERGES ANDERSON, Individually and on behalf of others similarly situated | CIVIL ACTION NO.: |
| VERSUS | HONORABLE JUDGE: |
| ACADIANA COMMUNITY BASED SERVICES, INC., ACADIANA ALTERNATIVES STAFFING, INC., TIMOTHY L. MANKIN and CRYSTAL ALSANDOR | MAGISTRATE JUDGE: |

## COMPLAINT FOR UNPAID OVERTIME WAGES, MINIMUM WAGES AND COLLECTIVE ACTION

The complaint of SHANTEL SHEREE ISTRE, JANE ARMSTEAD, ANNIE MAE LEWIS, LATONIA ALFRED, and VERGES ANDERSON, individually and on behalf of others similarly situated, persons of the full age of majority and citizens of the State of Louisiana, respectfully represent that:

1.

Complainants bring this action on behalf of themselves and all others similarly situated pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), to recover unpaid wages, including overtime and minimum wage earnings, for work they performed on behalf of **ACADIANA COMMUNITY BASED SERVICES, INC., ACADIANA ALTERNATIVES STAFFING, INC., TIMOTHY L. MANKIN and CRYSTAL ALSANDOR**

2.

Complainants are current and former employees who worked at Defendants' business location in Lafayette, as non-exempt employees entitled to minimum wage, regular wage, and

overtime pay under the FLSA. Complainants allege on behalf of themselves and all similarly situated personnel that ACADIANA COMMUNITY BASED SERVICES, INC., ACADIANA ALTERNATIVES STAFFING, INC., TIMOTHY L. MANKIN, and CRYSTAL ALSANDOR has willfully engaged in a pattern and practice of unlawful conduct by misclassifying workers as independent contractors and by failing to pay overtime compensation and failing to record, credit or compensate them for all the time Defendants require or permit such employees to work.

3.

Complainants are permitted to maintain this action "for and on behalf of themselves and other employees similarly situated." 29 U.S.C. § 216(b). Any similarly situated employee wishing to become a party plaintiff to this action must provide his/her consent in writing and become such a party, and such consent must be filed with this Court. 29 U.S.C. § 216(b). The class of similarly situated employees includes any and all current and former workers who were misclassified as independent contractors and who were not paid overtime compensation for hours worked in excess of forty (40) in the workweek.

4.

Like the named Complainants in this action, other current and former non-exempt employees have not been paid overtime for hours worked in excess of 40 hours in a workweek

5.

ACADIANA COMMUNITY BASED SERVICES, INC., ACADIANA ALTERNATIVES STAFFING, INC., TIMOTHY L. MANKIN and CRYSTAL ALSANDOR's practices are in direct violation of the FLSA. 29 U.S.C. § 201, *et seq.* The named Complainants seek injunctive and declaratory relief, compensation, and credit for all unrecorded and uncompensated work required or permitted by ACADIANA COMMUNITY BASED SERVICES, INC., ACADIANA ALTERNATIVES STAFFING, INC., TIMOTHY L. MANKIN

and CRYSTAL ALSANDOR, liquidated and/or other damages as permitted by applicable law, and attorney's fees and costs.

6.

This action is brought to recover unpaid compensation owed to named Complainants and all current or former employees of Defendants at its business location who are similarly situated to Complainants pursuant to the FLSA.

**JURISDICTION AND VENUE**

7.

This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1337 and § 16(b) of the FLSA, 29 U.S.C. § 216(b). ACADIANA COMMUNITY BASED SERVICES, INC., ACADIANA ALTERNATIVES STAFFING, INC., TIMOTHY L. MANKIN and CRYSTAL ALSANDOR have been regularly engaged in interstate commerce in this district and has been an employer within the meaning of the FLSA, 29 U.S.C. §§ 206-207 at all times relevant to this Complaint.

8.

Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because ACADIANA COMMUNITY BASED SERVICES, INC., ACADIANA ALTERNATIVES STAFFING, INC., TIMOTHY L. MANKIN and CRYSTAL ALSANDOR's principal place of business is in this judicial district.

**PARTIES**

9.

Complainants are individuals who are residents of the State of Louisiana.

10.

Made defendants herein are:

(1) **ACADIANA COMMUNITY BASED SERVICES, INC.,** a Louisiana corporation domiciled in and with its principal place of business in Lafayette, Louisiana.

(2) **ACADIANA ALTERNATIVES STAFFING, INC.,** a Louisiana corporation domiciled in and with its principal place of business in Lafayette, Louisiana.

(3) **TIMOTHY L. MANKIN,** owner, manager and executive officer in charge of payroll of Acadiana Community Based Services, Inc. and Acadiana Alternatives Staffing, Inc.

(4) **CRYSTAL ALSANDOR,** owner, manager and executive officer in charge of payroll of Acadiana Community Based Services, Inc. and Acadiana Alternatives Staffing, Inc.

**FACTS**

11.

Defendants, ACADIANA COMMUNITY BASED SERVICES, INC., ACADIANA ALTERNATIVES STAFFING, INC., TIMOTHY L. MANKIN, and CRYSTAL ALSANDOR are truly indebted to complainants for the following, to-wit:

12.

Complainant, SHANTEL SHEREE ISTRE, was hired and employed with both Defendants, ACADIANA COMMUNITY BASED SERVICES, INC., ACADIANA ALTERNATIVES STAFFING, INC., TIMOTHY L. MANKIN, and CRYSTAL ALSANDOR, beginning on or about July 27, 2000 as a "DSW" (direct service worker) and remained in this position until December 1, 2016. The two companies are owned and operated by the same owner and function as one business.

13.

Complainant, JANE ARMSTEAD, was hired and employed with both Defendants, ACADIANA COMMUNITY BASED SERVICES, INC., ACADIANA ALTERNATIVES STAFFING, INC., TIMOTHY L. MANKIN, and CRYSTAL ALSANDOR, beginning on or

about in 1997 as a "DSW" (direct service worker) and remained in this position until January, 2017. The two companies are owned and operated by the same owner and function as one business.

14.

Complainant, ANNIE MAE LEWIS, was hired and employed with both Defendants, ACADIANA COMMUNITY BASED SERVICES, INC., ACADIANA ALTERNATIVES STAFFING, INC., TIMOTHY L. MANKIN, and CRYSTAL ALSANDOR, beginning on or about in 2002 as a "DSW" (direct service worker) and has remained in this position. The two companies are owned and operated by the same owner and function as one business.

15.

Complainant, LATONIA ALFRED, was hired and employed with both Defendants, ACADIANA COMMUNITY BASED SERVICES, INC., ACADIANA ALTERNATIVES STAFFING, INC., TIMOTHY L. MANKIN, and CRYSTAL ALSANDOR, beginning on or about in 2000 as a "DSW" (direct service worker) and has remained in this position. The two companies are owned and operated by the same owner and function as one business.

16.

Complainant, VERGES ANDERSON, was hired and employed with both Defendants, ACADIANA COMMUNITY BASED SERVICES, INC., ACADIANA ALTERNATIVES STAFFING, INC., TIMOTHY L. MANKIN, and CRYSTAL ALSANDOR, beginning on or about in 2001 as a "DSW" (direct service worker) and has remained in this position. The two companies are owned and operated by the same owner and function as one business.

17.

Complainants, and other similarly situated employees, were employed by Defendants to work in various homes throughout Louisiana providing home health services. A Position

commonly referred to as a direct services worker or DSW. The class of similarly situated employees consists of:

> ALL "DSWs" EMPLOYED BY ACADIANA COMMUNITY BASED SERVICES, INC. and/or ACADIANA ALTERNATIVES STAFFING, INC. FROM JANUARY 2015 TO DATE.

18.

Complainant, SHANTEL SHEREE ISTRE, was paid $9.14 per hour while working as a DSW.

19.

Complainant, JANE ARMSTEAD, was paid $9.40 per hour while working as a DSW.

20.

Complainant, ANNIE MAE LEWIS, was paid $8.50 per hour for the day shift and $7.50 per hour for the night shift while working as a DSW.

21.

Complainant, LATONIA ALFRED, was paid $9.70 per hour for the day shift and $7.42 per hour for the night shift while working as a DSW.

22.

Complainant, VERGES ANDERSON, was paid $9.68 per hour while working as a DSW.

23.

Defendants paid all DSWs in a similar manner.

24.

Complainants are non-exempt employees for the purpose of the Fair Labor Standards Act and specifically, they had no supervisory duties or authority over any other employees, and they do not meet any other criteria for exempt status within the terms, criteria and intendment of the

Fair Labor Standards Act. Moreover, they were not independent contractors as a matter of fact and law.

25.

Complainants worked on average over seventy-four (74) hours per week.

26.

Complainants were not paid time and a half for hours worked in excess of forty (40) hours in the workweek.

27.

Complainants were misclassified intentionally as independent contractors by Defendants in a deliberate attempt to circumvent the overtime requirements.

28.

Complainants and other similarly situated did not supply their own equipment, they were supervised and controlled by their employer, they worked exclusively for Defendants and looked exclusively to it for their income and current and future employment.

29.

Complainants and others similarly situated did not maintain their own business operations and were not in the position to achieve profits or sustain losses while performing services for and on behalf of ACADIANA COMMUNITY BASED SERVICES, INC, ACADIANA ALTERNATIVES STAFFING, INC., TIMOTHY L. MANKIN, and CRYSTAL ALSANDOR.

30.

Complainants and others similarly situated were not required to and did not provide any materials, equipment or property in connection with the rendering of their services.

31.

Complainants and others similarly situated sought employment and the engagement of services with ACADIANA COMMUNITY BASED SERVICES, INC., ACADIANA ALTERNATIVES STAFFING, INC., TIMOTHY L. MANKIN, and CRYSTAL ALSANDOR, on a long term or permanent basis and were required to devote their full-time efforts and work to ACADIANA COMMUNITY BASED SERVICES, INC., ACADIANA ALTERNATIVES STAFFING, INC., TIMOTHY L. MANKIN, and CRYSTAL ALSANDOR.

32.

Complainants and others similarly situated did not work for multiple companies while, at the same time, engaging their full-time services for ACADIANA COMMUNITY BASED SERVICES, INC., ACADIANA ALTERNATIVES STAFFING, INC., TIMOTHY L. MANKIN, and CRYSTAL ALSANDOR.

33.

The work performed by Complainants and others similarly situated were supervised and controlled by ACADIANA COMMUNITY BASED SERVICES, INC., ACADIANA ALTERNATIVES STAFFING, INC., TIMOTHY L. MANKIN, and CRYSTAL ALSANDOR and its customers. Complainants and others similarly situated reported to work and were specifically directed and instructed as to the work to be performed. Moreover, the means, methods, techniques and standards were supervised and were strictly controlled by ACADIANA COMMUNITY BASED SERVICES, INC., ACADIANA ALTERNATIVES STAFFING, INC., TIMOTHY L. MANKIN, and CRYSTAL ALSANDOR and its customers. Moreover, their work was highly scrutinized by ACADIANA COMMUNITY BASED SERVICES, INC., ACADIANA ALTERNATIVES STAFFING, INC., TIMOTHY L. MANKIN, and CRYSTAL ALSANDOR and its customers.

34.

The DSW work performed by Complainants and others similarly situated was not highly specialized, nor advanced. Complainants and others similarly situated engaged in routine, ordinary and/or basic DSW work.

35.

Complainants and others similarly situated were dependent upon ACADIANA COMMUNITY BASED SERVICES, INC., ACADIANA ALTERNATIVES STAFFING, INC., TIMOTHY L. MANKIN, and CRYSTAL ALSANDOR for their economic livelihood and work and were dependent upon ACADIANA COMMUNITY BASED SERVICES, INC., ACADIANA ALTERNATIVES STAFFING, INC., TIMOTHY L. MANKIN, and CRYSTAL ALSANDOR and its customers to provide them with work, equipment, supplies, direction and supervision to do their work on a full-time basis in exchange for hourly compensation. Compensation was not fixed and was not project or piece determinative. Instead, compensation was determined solely by the number of hours worked based on an hourly rate without the benefit of overtime compensation for hours worked in excess of forty (40) hours in the workweek.

36.

Complainants and others similarly situated were not required to supply or provide Employer Identification Numbers, they did not own and maintain business entities and they did not enter into independent contractor agreements with ACADIANA COMMUNITY BASED SERVICES, INC., ACADIANA ALTERNATIVES STAFFING, INC., TIMOTHY L. MANKIN, and CRYSTAL ALSANDOR. Moreover, Complainants and others similarly situated were not required to provide insurance in connection with the work that they performed and they did not or were not permitted to subcontract services.

37.

Complainants and others similarly situated and the work they performed was integral to the business operations of ACADIANA COMMUNITY BASED SERVICES, INC., ACADIANA ALTERNATIVES STAFFING, INC., TIMOTHY L. MANKIN, and CRYSTAL ALSANDOR. Moreover, ACADIANA COMMUNITY BASED SERVICES, INC., ACADIANA ALTERNATIVES STAFFING, INC., TIMOTHY L. MANKIN, and CRYSTAL ALSANDOR relied on Complainants and others similarly situated as their sole source of labor in order to engage its business operations and to render services to its customers.

38.

On information and belief, Defendants employ more than fifty (50) employees all paid in a similar manner and who were also misclassified as independent contractors.

39.

On information and belief, Defendants know that its method of payment is a violation of the Fair Labor Standards Act and it intentionally and willfully violates the law. Alternatively, Defendants have acted in bad faith and with a disregard to the requirements of the FLSA.

**CAUSES OF ACTION**

40.

Complainants incorporate by reference all preceding paragraphs as if fully restated herein.

41.

ACADIANA COMMUNITY BASED SERVICES, INC., ACADIANA ALTERNATIVES STAFFING, INC., TIMOTHY L. MANKIN, and CRYSTAL ALSANDOR has willfully violated the FLSA by misclassifying Complainants and others similarly situated and

by permitting or requiring the names Complainants and others similarly situated to perform work activities for the benefit of the company without overtime compensation for all hours worked in excess of 40 hours a week as required by the FLSA and without keeping accurate records of the number of such uncompensated hours of work, and same constitutes a willful violation of the FLSA.

42.

ACADIANA COMMUNITY BASED SERVICES, INC., ACADIANA ALTERNATIVES STAFFING, INC., TIMOTHY L. MANKIN, and CRYSTAL ALSANDOR knew or should have known that employees such as Complainants and similarly situated individuals were not exempt under the FLSA and that it was misclassifying its workers.

43.

Complainants and potential opt-in complainants bring a claim for relief against ACADIANA COMMUNITY BASED SERVICES, INC., ACADIANA ALTERNATIVES STAFFING, INC., TIMOTHY L. MANKIN, and CRYSTAL ALSANDOR for violation of the FLSA as a collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b) on behalf of all non-exempt, misclassified workers of ACADIANA COMMUNITY BASED SERVICES, INC., ACADIANA ALTERNATIVES STAFFING, INC., TIMOTHY L. MANKIN, and CRYSTAL ALSANDOR, during the period of 3 years prior to the date of commencement of this action through the date of judgment of this action and who have not been fully compensated at an overtime rate for all work performed in excess of 40 hours per workweek. Complainants and potential opt-in complainants are putative members of the collective action on whose behalf all claims alleging violations of the FLSA are brought.

44.

By filing this lawsuit as named Plaintiffs, Complainants hereby consent to this action and opts in this collective action.

45.

A claim for relief for violations under the FLSA may be brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b) for all claims asserted by Complainants because the claims are similar, if not identical, to the claims of the putative members of the collective action.

46.

Potential opt-in members of the collective action are similarly situated to Complainants. They have substantially similar pay provisions and are subject to the same common practice, policy, or plan that requires or permits them to perform uncompensated work for the benefit of ACADIANA COMMUNITY BASED SERVICES, INC., ACADIANA ALTERNATIVES STAFFING, INC., TIMOTHY L. MANKIN, and CRYSTAL ALSANDOR in excess of 40 hours per workweek and who were misclassified. Complainants and potential opt-in Complainants work or have worked at ACADIANA COMMUNITY BASED SERVICES, INC., ACADIANA ALTERNATIVES STAFFING, INC., TIMOTHY L. MANKIN, and CRYSTAL ALSANDOR as non-exempt, hourly employees and who were misclassified.

47.

Defendants, ACADIANA COMMUNITY BASED SERVICES, INC., ACADIANA ALTERNATIVES STAFFING, INC., TIMOTHY L. MANKIN, and CRYSTAL ALSANDOR are liable to Complainants, for all damages owed, including, but not limited to:

a) Past and future overtime wages;

b) Liquidated damages;

c) Interest

d) Attorney's fees;

e) Court costs and expenses; and

f) Other damages.

## PRAYER FOR RELIEF

WHEREFORE, Complainants, on behalf of herself and all putative members of the proposed collective action, pray for judgment against ACADIANA COMMUNITY BASED SERVICES, INC., ACADIANA ALTERNATIVES STAFFING, INC., TIMOTHY L. MANKIN, and CRYSTAL ALSANDOR, as follows:

a. Awarding damages, including appropriate compensation for unpaid overtime, as well as interest, liquidated damages;

b. Awarding all costs of litigation, including expert's fees, attorney's fees, and expenses;

c. Awarding such other declaratory, injunctive, and equitable relief as the Court deems proper; and

d. General relief at law and equity.

## JURY DEMAND

Plaintiffs demand a trial by jury.

RESPECTFULLY SUBMITTED,

KENNETH D. ST. PÉ, LLC

  /s/ Kenneth D. St. Pé
KENNETH D. ST. PÉ
La. Bar Roll No. 22638
311 West University Avenue, Suite A
Lafayette, Louisiana  70506
(337) 534-4043